# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| Julius Manigault, #362635, | ) | C/A No.: 1:17-2521-MBS-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Ridgeland Correctional Institution, et al., | ) | |
| Defendant. | ) | |

By order issued on September 18, 2017, the court directed the Clerk of Court to terminate Julius Manigault ("Plaintiff") as a plaintiff in the case of *Mast v. Ridgeland Correctional Institution, et al.*, C/A No. 1:17-2038-MBS-SVH, and directed the Clerk of Court to assign a new case number. [ECF No. 1]. Plaintiff was assigned the above-referenced case number.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

On September 26, 2017, the court ordered Plaintiff to complete a complaint, service documents, and filing fee paperwork necessary to advance this case by October 17, 2017. [ECF No. 5]. Plaintiff was warned that the failure to comply would subject the case to dismissal. *Id.* Plaintiff did not file a response. The court issued a second order on

October 20, 2017, again directing Plaintiff to complete a complaint, service documents, and filing fee paperwork necessary to advance this case by November 13, 2017. [ECF No. 9]. Plaintiff was again warned that failure to comply would subject the case to dismissal. *Id.* Plaintiff did not file a response.

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630. Based on Plaintiff's failure to respond to the court's September 26, 2017 and October 20, 2017 orders, the undersigned concludes Plaintiff does not intend to pursue the above-captioned matter. Accordingly, the undersigned recommends that this case be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41.

IT IS SO RECOMMENDED.

November 17, 2017  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).